**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No.  05-10147-MLB |
| ) | |
| TRESHA CARTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motions to suppress evidence (Doc. 37), dismiss counts 5, 6, 7, 8, and 10 (Doc. 35) and to sever (Doc. 36).  The court conducted an evidentiary hearing on January 20, 2005.  For the following reasons, defendant's motions (Docs. 35 and 37) are denied.

**I.   FACTS**

On March 26, 2005, police dispatch in Colby, Kansas, was notified a large quantity of pseudoephedrine and lithium batteries had been stolen from Wal-Mart. Ron Alexander, an officer with the Colby Police Department, responded to the call from dispatch and proceeded to K-25 and I-70, where dispatch reported that the "suspects" were traveling. Alexander was informed that the "suspects" entered I-70 and were traveling east.  Dispatch was receiving the information from a witness who was following the vehicle.  Alexander merged onto the interstate with his lights flashing.  Dispatch then informed Alexander that the "suspects" had turned around and were now traveling west.  Alexander turned at the nearest turnaround and saw the vehicle pass.   He observed that the driver was a white male with dark hair and that an

additional occupant was in the passenger seat. Alexander followed the vehicle with his lights and sirens activated into a neighborhood. At some point, the driver stopped the car in an alley and exited the vehicle on foot. Alexander and officer Wayne began pursuing the driver on foot. The driver, Jason Hopkins, was apprehended and placed in the back of a patrol car.

At that point, a person in a vehicle informed the officers that he observed a white female wearing a black shirt run out of the alley where Hopkins' car was parked and that she was headed north on Franklin Avenue. Alexander and Wayne began running up Chickamauga Avenue, which ran parallel to Franklin. At the corner, Alexander observed a female wearing all black running up Franklin Street. Alexander had a clear view of Franklin Street. Alexander and Wayne pursued the female suspect and ordered her to stop, but she did not respond. Once Wayne caught up to the suspect, she complied with the orders and laid on the ground. Alexander asked for her identification and she responded that her name was Tresha Carter.

Carter and Hopkins were read their <u>Miranda</u> rights and both stated that they wanted to speak with an attorney. Upon arrival at the police department, Carter and Hopkins were placed in different rooms. They were again read their <u>Miranda</u> rights and both asked to speak with an attorney. When Hopkins was removed to be placed in the jail, he looked in the office where Carter was sitting and said, "I'm sorry honey, I love you."

Upon search of Hopkins' vehicle, pursuant to a valid search warrant, the officers seized more than 1900 pseudoephedrine pills, 16 lithium batteries, red dye, and ether. Most of these items were in

-2-

the passenger compartment of the vehicle. In the trunk, the officers seized items used to manufacture methamphetamine and two guns.

Carter moves to suppress any evidence seized and the statement made by Hopkins on the basis that her arrest was not supported by probable cause and, therefore, the evidence is fruit of the illegal arrest.

**II. ANALYSIS**

**A. Motion to Suppress**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The question of whether her arrest was lawful must be determined based on facts known to the officers at the time of the arrest.

> "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." United States v. Valenzuela, 365 F.3d 892, 896 (10th Cir. 2004) (internal quotation marks omitted). "Probable cause does not require facts sufficient for a finding of guilt; however, it does require more than mere suspicion." United States v. Morris, 247 F.3d 1080, 1088 (10th Cir. 2001) (internal quotation marks omitted). "Probable cause is measured against an objective standard.... [T]he primary concern is whether a reasonable officer would have believed that probable cause existed to arrest the defendant based on the information possessed by the arresting officer." Valenzuela, 365 F.3d at 896-97.

United States v. Soto, 375 F.3d 1219, 1222 (10th Cir. 2004).

Prior to defendant's arrest, Alexander had been informed by dispatch about the theft at Wal-Mart. Police dispatch repeatedly

-3-

stated "suspects" instead of referring to only one "suspect." Moreover, when Alexander saw the vehicle pass his patrol car he observed the driver and an additional person in the passenger seat. Upon arrest of Hopkins, Alexander was informed that a white female wearing a black shirt exited the same alley where Hopkins' vehicle was stopped and was heading north on Franklin Street. Alexander and Wayne ran to the corner and observed a white female wearing all black running north on Franklin Street. Carter ignored the officers' repeated requests to stop. Based upon these facts, the court finds that probable cause existed to arrest Carter. It was reasonable for the officers to believe that Carter was the passenger in Hopkins' vehicle.

Accordingly, defendant's motion to suppress is denied.[1]

**B.   Motion to dismiss**

Defendant has also moved to dismiss counts 5, 6, 7, 8 and 10 from the indictment on the basis that the evidence is insufficient to support the charges and that certain counts are multiplicitous. When faced with a pretrial motion to dismiss, the court has the discretion to dismiss charges under limited circumstances. United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994). In such a rare case, the operative facts must be undisputed and the government must fail to object to the court's consideration of the undisputed facts. Id. The court cannot do so, however, since the government has objected. (Doc. 40 at 3). When the government has objected, the court must find that

---

[1] Carter has no standing to seek suppression of Hopkins' statement, which was voluntary and not made to officers or in response to interrogation.

the indictment is sufficient if it "(1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." United States v. Brown, 925 F.2d 1301, 1304 (10th Cir. 1991).

After reviewing the indictment, the court finds that it is sufficient.[2]  Therefore, defendant's motion to dismiss for lack of sufficient evidence is denied.

Defendant also asserts that counts 6, 7 and 8 are multiplicitous, as well as counts 9 and 10.  "The government may submit multiplicitous charges to the jury, but if a defendant is convicted of both charges, the district court must vacate one of the convictions." United States v. Nickl, 427 F.3d 1286, 1301 (10th Cir. 2005).  Accordingly, defendant's motion to dismiss based on muliplicity is denied.[3]

**III. CONCLUSION**

Defendant's motion to suppress (Doc. 37) and motion to dismiss (Doc. 35) are denied.[4]

IT IS SO ORDERED.

Dated this __24th__ day of January 2006, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[2] In her motion, defendant has not asserted that the indictment is insufficient and fails to state an offense.

[3] Defendant, however, can raise this issue if she is convicted on counts that she believes are mulitiplicitous.

[4] The court will reserve a ruling on defendant's motion to sever (Doc. 36) because it appears that the co-defendant will plead guilty.